# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>MULUNEH ZELEKE, d/b/a Z & Z Convenience )<br>  Store, )<br>)<br>Defendant. ) | Case No. CR-10-324-D |

## ORDER

Pursuant to 18 U. S. C. § 3006A, Defendant's appointed counsel has submitted her voucher requesting payment of fees in the total amount of $16,706.81. During the Defendant's sentencing, the Court advised counsel for Defendant and the government of its intent to consider whether Defendant should be required to reimburse the government for his costs of representation in this matter. In doing so, the Court noted that the Order Appointing Counsel [Doc. No. 8] reflected that United States Magistrate Judge Valerie K. Couch determined Defendant was eligible for appointment of counsel, but that he had income or assets in excess of that needed for support of the defendant and his dependents; accordingly, she concluded Defendant should be required to reimburse the government for representation costs, in an amount to be determined by further Court order.

The parties were subsequently allowed to submit briefs on this issue. The Court set the matter for an October 6, 2011 hearing, and directed the probation officer to obtain an updated

financial statement from Defendant prior to the hearing.

At the October 6 hearing, the Court heard argument from counsel regarding Defendant's current financial status and whether he continued to have the financial ability to reimburse the government for all or part of the costs of his representation. Because Defendant's counsel had not yet submitted her voucher reflecting the costs of representation, the Court determined it would issue an order after the voucher was submitted.

Having reviewed the evidence in the record, the Court concludes that, pursuant to 18 U. S. C. § 3006A(c), Defendant is "financially able to...make partial payment for the representation" provided by appointed counsel. As more fully explained herein, the Court further concludes that payment should be made as reimbursement to the Court, pursuant to 18 U. S. C. § 3006A(f). The Court's conclusions are based on the evidence consisting of Defendant's financial affidavit at the time counsel was appointed, the financial information in the Presentence Investigation Report, and the subsequent financial information reported by the probation officer to the Court prior to the October 6, 2011 hearing. The material is summarized as follows.

On October 13, 2010, Defendant filed a financial affidavit [Doc. No. 9] in support of his request for appointed counsel in this action. He stated his income was $1,000 per month, his spouse's income was $800 to $900 per month, and he had $2,000 to $3,000 in cash or in the bank. He disclosed ownership of real or personal property in a total amount of $169,000. He listed five dependents, including his mother, spouse, and three children. He also listed a $67,000 debt to Coppermark Bank. At the time counsel was appointed for him, Defendant was the owner of Z&Z Convenience Store in Oklahoma City.

Based on the information in the financial affidavit, Judge Couch determined "the defendant is eligible for appointment of counsel, but has income or assets in excess of that needed for support of defendant and dependents, and therefore: Defendant will reimburse the government for the cost of providing representation commensurate with his/her ability to pay as determined by further order of the Court." Order Appointing Counsel [Doc. No. 8].

Judge Couch's conclusion is consistent with the Tenth Circuit's view that "[t]he standard for eligibility for section 3006A appointment is not indigence, but rather whether the party is financially unable to obtain counsel." *United States v. Osuna*, 141 F. 3d 1412, 1414 (10th Cir. 1998) (citations omitted). Her conclusion is also consistent with the Guidelines for Administering the Civil Justice Reform Act ("Guidelines"), which provide that a defendant may be determined partially eligible for appointment of counsel. Guidelines, Ch. 2 Appointment and Payment of Counsel, § 210.40.40. In such cases, the Guidelines state the court should find the person "eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of such appointment or from time to time thereafter" in accordance with 18 U. S. C. § 3006A(f).

The record reflects that no additional financial information was reported to the Court until the June 3, 2011 Presentence Investigation Report ("PIR") [Doc. No. 34] was submitted. The PIR prepared by the probation office contains a summary of Defendant's financial resources. It states that the probation officer was told the defendant financially supports his children as well as his disabled mother and sister. *Id.* at ¶46. It also reports that Defendant owns Z&Z Convenience Store,

3

and earns approximately $1,000.00 per month. *Id.* at ¶ 56. He also is a "fleet owner of three taxi cabs, and he contracts with A-1 Taxi" for dispatching services; his approximate monthly gross income from this business is $3,200. *Id.* at ¶ 57. The PIR also states that Defendant provided a personal financial statement to the probation officer, reflecting a net worth of $198,354.17. He reported the fair market value of the convenience store as $250,000.00, and the taxi fleet as $6,000.00. He also owned three commercial real properties, having a total estimated value of $190,000.00. Defendant expressed his intent to liquidate certain holdings in order to satisfy criminal monetary penalties. PIR at ¶ 59. He reported owning five vehicles which he described as not in working condition, and he did not report a fair market value for those vehicles. Additionally, he owns five vehicles operated as taxis; however, he did not report their fair market value, and referred to them as "junked." He owns two additional personal vehicles, a 1999 Cadillac and a 1993 Mercedes 3E8, but did not provide a fair market value. His net monthly cash flow was calculated as $1,076.00. *Id.* The probation officer reported Defendant has six credit cards with a total balance of $2,837.00, and three accounts placed for collection in the total amount of $993.00. *Id.* ¶ 62.

Although Defendant objected to portions of the PIR, he did not dispute the accuracy of the foregoing financial information.

On September 21, 2011, the probation officer submitted, at the Court's direction, updated financial information regarding Defendant. According to that information, Defendant advised the probation officer that he had closed the taxi service and "junked" the vehicles used in that service because all were in disrepair. He told the probation officer he currently owns four vehicles, but only one is in working condition; that vehicle is a 1993 Mercedes 3EA, which he valued at $900.00. The

total value of the other vehicles was reported as $2,300.00. He reported a commercial checking account with a balance of $38.75, another checking account with a negative balance, and a third with a balance of approximately $500.00. He also reported three accounts in his minor children's names, with a total balance of $12,252.22. He owes $2,706.84 in credit card debt. Defendant continues to own Z&Z Convenience Store, and indicated his intent to locate someone to operate the store during his incarceration.[1] In addition, Defendant confirmed the accuracy of the commercial real property descriptions listed at page 12 of the PIR, but indicated it is unlikely he could recoup the fair market values of that property at the present time.[2]

During the October 6, 2011 hearing, the Court asked Defendant if the three minor children's bank accounts totaling $12,252.22 were held jointly by him with his children. Defendant said they were not.

Having considered the evidence in the record, as well as the requirements of § 3006A regarding partial eligibility for appointed counsel, the Court concludes that, as found by Judge Couch, Defendant is eligible for appointed counsel, but he continues to have sufficient income and assets in excess of that which is needed for the support of defendant and his dependents. The Court further finds that Defendant should be required to partially reimburse the government for the cost of providing representation commensurate with his ability to pay. Based on the evidence, the Court concludes that Defendant is financially able to reimburse the government for one-half of the reported

---

[1]In a subsequent motion [Doc. No. 45] requesting a delay in his reporting date, Defendant advised the Court that he had located someone to operate the convenience store, beginning on October 15, 2011, and it will remain in operation during Defendant's incarceration.

[2]Three parcels of property are listed in the financial statement reflected at page 12 of the PIR, with a total estimated value of $190,000.00.

$16,706.81 total cost of his legal representation, or $8,353.00. The Court further finds that, pursuant to 18 U. S. C. § 3006A(f), the $8,353.00 reimbursement shall be paid by Defendant to the Clerk of Court; such "payment should be made by check or money order to the clerk of court for deposit into the Treasury. Such funds will be credited to the Defender Services appropriation." Guidelines § 230.40.

In the Judgment and Commitment Order [Doc. No. 43] filed herein on September 2, 2011, the Court did not assess a fine, but directed payment of restitution in the amount of $966,516.00, and determined the interest requirement for restitution should be waived. Judgment [Doc. No. 43], p. 5. The Court directed restitution to be paid in "monthly installments of the greater of $300.00 or ten (10) percent of the defendant's gross monthly income as directed by the probation officer, to commence not later than 30 days after release from imprisonment to a term of supervision." *Id.*, p. 6. The Judgment also contains a provision directing the order in which payments shall be applied, and it provides that "costs" are payable only after payment of the assessment, restitution and other monetary penalties. *Id.*

Consistent with the order of payment in the Judgment and Commitment Order, the Court concludes that the $8,353.00 to be paid by Defendant as partial reimbursement to the government for the costs of his representation shall be due after full satisfaction of Defendant's restitution obligation set forth in the Judgment and Commitment Order. The $8,353.00 payment shall be due no later than 30 days following satisfaction of Defendant's restitution obligation. The amount may be paid in a lump sum by check or money order. Alternatively, Defendant may make make installment payments of $300.00 per month, or not more than ten (10) percent of Defendant's gross monthly income, whichever is greater. If paid in installments, the initial payment shall be made not

later than 30 days after full satisfaction of Defendant's restitution obligation. Defendant shall make the foregoing payment or payments by check or money order to the Clerk of the United States District Court for the Western District of Oklahoma, and such payments shall be deposited into the Treasury and credited to the Defender Services appropriation, pursuant to 18 U. S. C. § 3006A(f).

    IT IS SO ORDERED this 1st day of November, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE